IMG-158                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1001
_____

TAKEFUMI UCHIDA, a/k/a Wu Mei Dong,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096 030 569)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2011
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 5, 2011 )
_____

OPINION
_____

PER CURIAM

Takefumi Uchida, a.k.a. Wu Mei Dong ("Dong"),[1] petitions for review of an order of the Board of Immigration Appeals ("BIA"), which ordered Dong removed to China, and which sustained the Government's appeal from an Immigration Judge's ("IJ") order granting Dong asylum. We will deny the petition for review.

Dong is a native and citizen of China. Soon after his marriage in 1984, he and his wife had their first child. Dong's wife was forced to have an IUD implanted, but five years later she became pregnant again.[2] When the birth of the child was imminent, the couple went to a hospital, where Dong was threatened with detention unless he paid a fine of 5,000 RMB. Dong paid the fine, and the child was born. Sometime after the child's birth, over Dong's objection, his wife was sterilized.

Dong entered the United States without inspection in January 2004. He was placed in removal proceedings in February 2004, and he applied for asylum on the basis of his resistance to China's coercive population control policy. In June 2008, the IJ granted Dong asylum. The IJ found that Dong had protested his wife's sterilization, and that the fine amounted to coercion by the authorities. This, according to the IJ, placed Dong within the third and fourth tiers set forth in Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008); i.e., a person who was persecuted for resistance to a coercive population control program, or one who had a well-founded fear that he would be forced to undergo involuntary sterilization or be persecuted for refusing to do so. The BIA sustained the

---

[1] It appears that Petitioner's real name is Wu Mei Dong; thus, we will refer to him as "Dong."

[2] The record does not explain whether the IUD was still in place.

Government's appeal and ordered Dong removed to China. It found that Dong had not established that he was a refugee, or that he engaged in "other resistance" to China's population policy. It further concluded that the fine that Dong paid did not constitute economic persecution. Finally, it found that there was no objective basis to conclude that Dong had a well-founded fear of future prosecution. Dong filed a timely, counseled petition for review with this Court.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). We must sustain the BIA's removal order if there is substantial evidence in the record to support it. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

An applicant seeking asylum bears the burden of showing that he is a "refugee"; that is, he is "a person who is unable or unwilling to return to his country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003), quoting 8 U.S.C. § 1101(a)(42)(A); see also 8 C.F.R. § 1208.13(a) (allocating burden of proof). Further, a person who has been persecuted for failure or refusal to undergo a forced abortion or involuntary sterilization, or "for other resistance to a coercive population program, shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). Persecution does not include all treatment regarded as unjust or unfair; rather, it must be "so severe that [it] constitute[s] a real threat to life or freedom." Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006) (citations omitted).

3

Dong argues that the BIA applied an incorrect standard of review when it "improperly reviewed *de novo* IJ Riefkohl's finding that Petitioner established a well-founded fear of persecution." Petitioner's Brief at 5. The portion of the IJ's oral decision regarding Dong's well-founded fear of persecution; i.e., whether he would likely be persecuted in the future if he returned to China, is quite muddled:

> [T]his case [has] at least an element of objection of his own with an element of possibility of actions against him have been met and that is sufficient for the Court to establish a well-founded fear of persecution at that moment. Obviously, returning the Respondent to the People's Republic of China at this moment may subject him to summarization of actions or obviously sees the wife has been already sterilized, still sterilizing or subjecting the Respondent to an effect on the operation does not make too much sense. However, that would be speculative on the Court to determine what actions if any the Government of the People's Republic of China may subject upon the Respondent if he is returned at this stage and the Court feels it does not have to engage in that. Suffice it to say that on the record that I have examined, the Court finds that the Respondent has established a meaning on threshold on the theory of the well founded fear of persecution independent from the actions taken against his wife, again, based on the supposition to those actions and the threat to him of possible incarceration.

A.R. 57-58. Dong properly notes that the BIA is to review an IJ's finding that an asylum applicant has a well-founded fear of persecution, under a "clearly erroneous" standard. Huang v. Att'y Gen., 620 F.3d 372, 383 (3d Cir. 2010). While the BIA did not use the words "clearly erroneous," the BIA's decision notes that "the possibility of further harm to [Dong], especially this many years after the event in question, is wholly speculative, with no objective basis." A.R. 3. It appears clear to us that the BIA found the IJ's finding "clearly erroneous," and we agree. The record does not establish that Dong has any reason to fear persecution upon his return to China.

4

As to his asylum eligibility based on past persecution, the BIA here properly noted that Dong was not eligible for asylum based solely on his wife's forced abortion. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc). Dong implicitly acknowledges this, but argues that he established past persecution based on his own resistance to China's family planning policy. See id. at 157 (noting that spouses remain eligible for relief if they qualify as a refugee under § 1101(a)(42) based upon their own persecution, or well-founded fear of persecution, for "other resistance" to a coercive population control program). As evidence of resistance, Dong notes that he had to pay a fine or face arrest. Even if these actions constitute "other resistance," the record does not compel a finding that his experiences based on that resistance rise to the level of persecution. The record contains no indication that paying the fine was a severe hardship for Dong; in fact, he paid the fine the day after it was imposed. See Cheng v. Att'y Gen., 623 F.3d 175, 195 (3d Cir. 2010) (imposition of modest fine does not rise to level of persecution).

Because Dong did not meet the burden of showing that he is eligible for asylum, he necessarily does not meet the higher burden for withholding of removal. Chen v. Att'y Gen., No. 09-3459, ---F.3d---, 2011 WL 923353, at *5 (3d Cir. March 18, 2011). For the foregoing reasons, we will deny the petition for review.